[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANTS' MOTION TO STRIKE (118)
The plaintiff Charleen Alderfer was involved in an auto accident with the defendant Stella Scarveles. The accident allegedly occurred when the Scarveles vehicle crossed into the southbound lane of Route 63 causing Charleen Alderfer's auto to be struck in a head-on manner and to burst into flames. Charleen Alderfer suffered severe injuries as a result of the accident.
The plaintiff Benjamin Alderfer, son of Charleen Alderfer, was driving the vehicle immediately behind his mother's car and witnessed the collision in which his mother sustained serious physical injuries. The complaint alleges that Benjamin Alderfer suffered significant emotional distress as a result of observing the collision, seeing his mother's rescue.
The defendant moves to strike the second count of the CT Page 4507 complaint which relates to Benjamin Alderfer on the grounds that Connecticut does not recognize a cause of action for bystander emotional distress.
The Connecticut courts are divided on the issue of whether bystander emotional distress is a cognizable cause of action in Connecticut. Some courts recognize bystander emotional distress as a viable cause of action. See e.g. Stoughton v. Sabolcik, 5 Conn. L. Rptr. 502, 503-04 (1992); Short v. Connecticut, 4 Conn. L. Rptr. 77, 79 (1991); Trapp v. W. H. Co-op Marina, 3 Conn. L. Rptr. 38, 39 (1990); LeMoine v. Soboleski,2 Conn. L. Rptr. 569, 570 (1990); Buynovsky v. Ford Motor Co.,1 Conn. L. Rptr. 542, 543-44 (1990).
Other courts have ruled that bystander emotional distress does not state a cause of action. See e.g., Uricheck v. Amazing Stores, Inc., 4 Conn. L. Rptr. 320 (1991); Domek v. Pitegoff, 3 Conn. L. Rptr. 652, 654 (1991); Belanger v. Glastonbury 3 Conn. L. Rptr. 478, 480 (1991); Seymour v. Patterson, 2 Conn. L. Rptr. 502, 503-04 (1992).
The California case of Dillon v. Legg, 441 P.2d 912
(1968) first set out the requirements for a claim of bystander emotional distress. These requirements were refined in Thing v. LaChusa, 771 P.2d 814, 829-30 (Cal. 1989) in which the court held that a claim of bystander emotional distress would be viable where the following conditions are met: 1) the plaintiff is closely related to the injury victim; 2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and 3) as a result the plaintiff suffers serious emotional distress. Thing,771 P.2d at 829-30.
In Maloney v. Conroy, 208 Conn. 392 (1988) the court declared "we are not inclined to follow the lead of the California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice. . ." Id. at 397. The court also stated in Maloney that it would not continue its "dalliance" with Dillon. Maloney, 208 Conn. at 402. This language has led some courts to conclude that the Connecticut Supreme Court has shown no inclination to depart from Strazza v. McKittrick,146 Conn. 714, 719 (1959) in which the court held that there can be no recovery for nervous shock or mental anguish caused by the sight of injury or threatened harm to another. Belanger, 3 Conn. L. Rptr. at 480; Seymour, 2 Conn. L. Rptr. at 711-12. Thus, these CT Page 4508 courts have ruled that there does not exist a cause of action for bystander emotional distress in Connecticut. Belanger, 3 Conn. L. Rptr. at 480; Seymour, 2 Conn. L. Rptr. at 712.
In Amodio v. Cunningham, 182 Conn. 80, 92 (1980), however, the court opined that "even if we were inclined to adopt the approach taken in Dillon . . . the complaint in the present case would nonetheless fail to state a cognizable cause of action." In Maloney, the court reasoned that "whatever may be the situation in other contexts where bystander emotional disturbance claims arise," such claims would not be permitted in medical malpractice actions. Maloney 208 Conn. at 393.
The language of Amodio and Maloney has led to the following reasoning: "1) that the holding in Maloney that there can be no recovery for bystander emotional distress is limited to medical malpractice actions; 2) that the implication of Amodio is that a plaintiff meeting the Dillion criteria, as clarified in Thing v. LaChusa, may have a cause of action for bystander emotional distress; and 3) that lacking any clear direction from our appellate courts prohibiting emotional bystander distress as a cause of action, the plaintiff should be permitted to pursue [his] claim here." Buynovsky, 1 Conn. L. Rptr. at 544.
The above-quoted reasoning of the Buynovsky court is adopted by this court and the plaintiff should be allowed to proceed with his claim of bystander emotional distress. Moreover, it should be noted that the plaintiff has sufficiently alleged facts necessary to state a claim under Dillon as clarified by Thing v. LaChusa.
Accordingly, the motion to strike is denied.
Dorsey, J.