[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#105) OBJECTION TO MOTION TO STRIKE (#107)
On May 4, 1993, the plaintiffs, Eduardo and Raquel Diaz, filed a two-count complaint in which they seek to recover damages for emotional distress and psychological injuries allegedly sustained when they witnessed a motor vehicle operated by the defendant Lavinia Camacho strike and kill their minor son. The plaintiffs allege that at the time of the incident they were at the accident scene and in close proximity to the CT Page 7705 accident, and that they contemporaneously witnessed the defendant's vehicle strike their son. Eduardo Diaz, by way of the first count and Raquel Diaz, by way of the second count, assert claims for bystander emotional distress which they allegedly suffered when they witnessed the defendant inflict fatal injuries upon their minor son.
On June 23, 1993, the defendant filed a motion to strike (#105) on the ground that Connecticut courts do not recognize a cause of action for bystander emotional distress. The plaintiff filed a memorandum opposition (#107) on June 28. 1993.
A motion to strike allows the moving party to contest "the legal sufficiency of the allegations of any complaint . . . or any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Practice Book 152(1); Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). In analyzing a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 540 A.2d 1185 (1988). If the court finds that the facts alleged in the pleading support a cause of action, the motion to strike must be denied. Ferryman v. Groton, supra, 142.
In Strazza v. McKittrick, 146 Conn. 714, 156 A.2d 149
(1959), the Supreme Court held that a plaintiff mother could not recover for emotional distress caused by the "fear of threatened harm or injury to the person or property of another." Id., 719. In Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980), the plaintiff mother sought to recover for emotional distress which was allegedly caused by the defendant's negligence in diagnosing the disease which eventually resulted in her daughter's death. The court discussed the California Supreme Court's decision in Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912, 69 Cal.Rptr. 72
(1968), in which that court recognized a cause of action for bystander emotional distress, and in so doing, noted that all of the jurisdictions that had adopted the Dillon rule have held that "in order to allege a cognizable cause of action the plaintiff bystander must have had contemporaneous sensory perception of the negligent conduct of the defendant." Amodio v. Cunningham, supra, 91.[1] The court went on to hold that:
even if we were inclined to adopt the CT Page 7706 approach taken in Dillon and the cases relying thereon, the complaint in the present case would nonetheless fail to state a cognizable cause of action. . . . [T]he allegations of the complaint indicate that the injuries suffered by the plaintiff's child became manifest a considerable period of time after the alleged negligence of the defendant occurred.
(Emphasis added.) Id., 92-3.
In Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), the plaintiff sought to recover damages for bystander emotional distress which she allegedly suffered as a result of the defendant's negligence in providing medical treatment to her deceased mother. Id., 393. The Connecticut Supreme Court once again reviewed the Dillon v. Legg rationale and concluded that:
 [w]e are not inclined to resume our dalliance with the Dillon guidelines that we held not to be satisfied when we disposed of the malpractice emotional disturbance claim in Amodio [v. Cunningham, supra] that was so similar to the case before us. . . . Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza v. McKittrick, supra, 719.
(Emphasis added.) Maloney v. Conroy, supra, 402.
Maloney and Amodio stand for the proposition that a plaintiff bystander cannot recover for emotional distress allegedly sustained because of his or her observance of the course of treatment of an alleged malpractice victim over an extended period of time. Central to the court's reasoning in these cases is that when the victim's injuries manifest over a period of time, there cannot be "sensory and contemporaneous CT Page 7707 observance of the accident" by the plaintiff. Maloney v. Conroy, supra, 402. Maloney and Amodio do not address the question of whether a legally sufficient claim for bystander emotional distress exists when a plaintiff contemporaneously observes his or her family member sustain sudden and immediate injuries due to a defendant's negligent operation of a motor vehicle, nor do these cases hold that the rule of Strazza v. McKittrick must be applied in such a situation. While Maloney and Amodio do not expressly adopt the rule of Dillon v. Legg, neither do they reject that rule, (with the exception of instances where the bystander emotional distress claim is predicated upon the observance of a course of negligent medical treatment). Thus, in the absence of either a Supreme Court or appellate court ruling to the contrary, the court may consider the rule of Dillon v. Legg (and its progeny) in determining whether a plaintiff has stated a legally sufficient claim for bystander emotional distress. (In so doing, the court notes the split of authority that exists among the superior court judges who have ruled on this issue.)[2]
The elements of a legally sufficient claim for bystander emotional distress as set out in Dillon v. Legg, supra, were subsequently modified by the California Supreme Court in Thing v LaChusa, 48 Cal.3d 644, 771 P.2d 814, 257 Cal.Rptr. 865 (1989), in which that court ruled that:
 [a] plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness. . . . Id., 771 P.2d at 829-30.
The plaintiffs have satisfied the first element of the rule of Thing v. LaChusa, as they allege in their complaint that they are the parents of the minor child who was struck by the defendant's vehicle. The plaintiffs have satisfied the second element as they allege that they were present at the scene of CT Page 7708 the injury producing event and that they contemporaneously witnessed the defendant's vehicle strike their son. The plaintiffs have also met the third element as they allege that they suffered serious emotional distress. Thus, the plaintiffs have alleged legally sufficient claims for bystander emotional distress and the defendant's motion to strike is denied.
BALLEN, J.