[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 27, 1992, Brandon Rausch and his parents brought this negligence action against the Estate of William A. Boyd and its executor, H. Judson Carr, seeking compensation for injuries and damages for the negligent infliction of emotional distress. The complaint alleges that the minor plaintiff Brandon was struck by a car negligently operated by the defendants' decedent, William A. Boyd, on September 30, 1989. The complaint further alleges that Brandon, a lawful pedestrian, sustained serious injury as a result, and that his parents suffered severe emotional distress from witnessing the event.
On May 21, 1993, the defendants filed a motion to strike the complaint in its entirety, on the grounds that the plaintiff's action is barred by the applicable statute of limitations, General Statutes 52-584, and that the claim for bystander emotional distress is not a recognized cause of action in Connecticut.
The motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 1365 (1989). A motion to strike admits all facts well pleaded; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985); and "in ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235, 239, ___ A.2d ___ (1993). CT Page 355 The use of a motion to strike to raise the defense of a statute of limitations is only possible in two limited situations. "The first is when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer." (Citations omitted; internal quotation marks omitted.) Id. "The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right-it is a limitation of the liability itself as created, and not of the remedy alone." Id., 239-40.
Although the defendants assert that their motion to strike falls under the former exception, the court can find no agreement between the parties as to all the pertinent facts. Indeed, the plaintiff in its opposition to the motion to strike asserts that it is entitled to the operation of General Statutes 52-592, and alleges that an earlier complaint was filed within the limitations period. This apparent disagreement between the parties as to the pertinent facts applicable to the statute of limitations issue is sufficient to remove this case from the narrow exception enunciated in Forbes v. Ballaro, supra. The motion to strike is denied on this ground.
The defendants assert as an alternative ground for striking count three of the complaint that bystander emotional distress is not recognized cause of action in Connecticut. The Supreme Court has addressed the issue of recovery for bystander emotional distress on three occasions, but a definitive ruling as to its general applicability has yet to emerge. See Strazza v. McKittrick, 146 Conn. 714, 156 A.2d 149 (1959); Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980); Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988). This has resulted in a split of authority in the Superior Courts on this issue. See Diaz v. Camacho,8 CSCR 961
(August 24, 1993, Ballen, J.), and cases cited therein at n. 2. This court agrees with the reasoning and result reached by those courts recognizing a valid cause of action for bystander emotional distress. See Alderfer v. Scarveles, 8 CSCR 605 (May 7, 1993, Dorsey, J.); Buynovsky v. Ford Motor Company, 1 Conn. L. Rptr. 542 (1990, Maiocco, J.); see also Diaz v. Camacho, supra (Valid cause of action for bystander emotional distress by parents who witnessed a car striking their child.).
In its most recent case the Supreme Court stated that "[w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that `there can be no recovery for nervous shock and CT Page 356 mental anguish caused by the sight of injury or threatened harm to another.'" Maloney v. Conroy, supra, 402, quoting Strazza v. McKittrick, supra, 719. The holding in Maloney v. Conroy, supra, is limited by its terms to the medical malpractice context, and there is at least an implication that a plaintiff can prevail if they meet the requirements first set out in Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912,69 Cal.Rptr. 72 (1968). See Amodio v. Cunningham, supra, 92. The Dillon test has since been refined by the Supreme Court of California in Thing v. LaChusa,48 Cal.3d 644, 771 P.2d 814, 257 Cal.Rptr. 865 (1989), where the court held that:
 a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.
Id., 829-30.
In their complaint, the parents allege that they witnessed the scene of the accident from across the street, including the sight of the minor plaintiff lying under or next to the decedent's automobile, and as a result suffered severe emotional distress. Plaintiff's Complaint, Count 3, 10-11. These allegations are sufficient to state a claim for bystander emotional distress. The motion to strike is denied.
WALSH, JOHN, J.