[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
(ORDER (#111)
After hearing held on defendants' motion to strike, it is hereby Ordered:
(1) as to Counts 25 through 36, denied;
(2) as to Counts 37 through 48, granted; for the following reasons:
(1) Although the plaintiffs' complaint in the main sounds in negligence, it is also alleged that the defendants violated "Section 110 of the State of Connecticut Basic Building Code," as well as Section 47a-7 of the General Statutes ("Landlord's Responsibilities"). These allegations are legally sufficient to give rise to a claimed violation of the Connecticut Unfair Trade Practices Act (CUTPA); Section 42-110b et seq., Conn. Gen. Stat. Conaway v. Prestia, 191 Conn. 484, 487-88 (1983); Nielsen v. Wisniewski, 32 Conn. App. 133, 136 (1993).
(2) In outlining the development of bystander recovery for CT Page 2695 negligently inflicted emotional distress, except with regard to its inapplicability to medical malpractice committed on another person, our Supreme Court has yet to adopt a clear and definitive position. Maloney v. Conroy, 208 Conn. 392, 402 (1988). While there is a divergence of opinion among Superior Court jurists; see Diaz v. Comacho, 8 CSCR 961 n. 2 (9-27-93); the complainant must be a bystander to avail himself of the remedy. A bystander is "[o]ne present but not taking part, looker-on, spectator, beholder observer." Black's Law Dictionary, 6th Ed., p. 201. The plaintiffs, who individually claim damages for bystander emotional distress, were, as alleged (par. 2), each a simultaneous victim of the injury-causing event. In the view of the court, none falls within the purview of a bystander, and the doctrine of recovery is unavailable to them.
GAFFNEY, J.