[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sandra Waitkus, brought this action on her own behalf, and on behalf of her minor daughter, Debra Waitkus, seeking damages allegedly arising out of a motor vehicle CT Page 9323 accident. The plaintiffs allege that Debra Waitkus sustained injuries when she was a passenger on a school bus which was involved in an accident with a motor vehicle operated by the defendant.
In the second count of the complaint, the plaintiff, Sandra Waitkus, alleges that as a result of the defendant's negligence, the plaintiff, Sandra Waitkus, has suffered mental anguish from being forced to witness the pain and suffering of her daughter. In the third count, Sandra Waitkus asserts a cause of action for parental loss of consortium.
The defendant has now filed a motion to strike the second and third counts of the complaint.
The motion to strike challenges the legal sufficiency of a complaint or count therein. Practice Book § 152(1); WestportBank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 862 (1992). The court must construe the allegations of the complaint in the light most favorable to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.)Meredith v. Police Commissioners, 182 Conn. 138, 140,438 A.2d 27 (1980).
The defendant argues that second count of the plaintiff's fourth revised complaint asserts a claim for bystander emotional distress. The defendant, therefore, moves to strike the second count on the ground that Connecticut does not recognize a cause of action for bystander emotional distress. The plaintiff, however, concedes that she did not allege, nor could she allege, that Sandra Waitkus witnessed her daughter's accident. Currently, there is a split of authority in the Superior Courts as to whether Connecticut recognizes claim for bystander emotional distress. See Diaz v. Camacho, 8 CSCR 961 n. 2 (August 24, 1993, Ballen, J.). Regardless of whether a cause of action for bystander emotional distress exists in Connecticut, the second count fails to sufficiently allege such a claim because the plaintiff failed to allege that Sandra Waitkus was present at the scene of the accident or witnessed the accident. See CT Page 9324Finley v. Massiello Bus Co., 8 Conn. L. Rptr. 1 (November 24, 1992, Rush, J.) (although court recognized a cause of action for bystander emotional distress, parents who arrived at scene of school bus accident in which their child was allegedly injured did not allege legally sufficient claims for bystander emotional distress because they could not allege that they were present or witnessed the accident).
The plaintiff, however, argues in opposition to the motion to strike that emotional distress is a compensable injury, citing cases based on claims of negligent infliction of emotional distress, such as Montinieri v. Southern New EnglandTelephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978). Accordingly, the plaintiff argues that the second count states a claim for negligent infliction of emotional distress. However, in order to allege a cause of action for negligent infliction of emotional distress, "the plaintiff does have the burden of pleading and establishing that the defendant knew or should have realized that its conduct involved an unreasonable risk of causing emotional distress." Montinieri v. Southern NewEngland Telephone Co., supra, 175 Conn. 345; see also Morris v.Hartford Courant Co., 200 Conn. 676, 683, 513 A.2d 66 (1986) citing 2 Restatement (Second), Torts 313 (1965); see alsoBuckman v. People Express, Inc., 205 Conn. 166, 173,530 A.2d 596 (1987).
The plaintiff, however, alleges no facts capable of supporting either a claim for bystander emotional distress or a claim for negligent infliction of emotional distress underMontinieri v. Southern New England Telephone Co., supra,175 Conn. 345. See Michaud v. Johnson, 4 CSCR 720
(August 16, 1989. Schaller, J.) (complaint failing to allege that the defendant knew or should have realized that conduct was likely to cause unreasonable risk of emotional distress to plaintiff failed to state a cause of action for negligent infliction of emotional distress). Therefore, the motion to strike the second count should be and is granted.
As to the third count, the defendant argues that Connecticut does not recognize a cause of action for loss of filial consortium.
 While the superior court judges are split on this issue; see Toscano v. Sinsteden, 8 CSCR 372 (March 8, 1993, Wagner, J.) (Connecticut does not recognize a CT Page 9325 parent-child loss of consortium claim), but see Kizina v. Minier, 5 Conn. L. Rptr. 481 (February 7, 1991, Santos, J.) (Children have a cause of action for loss of parental consortium), the Appellate Court in Mahoney v. Lensink, 17 Conn. App. 130, 550 A.2d 1088
(1988), rev'd. on other grounds, 213 Conn. 548 569 A.2d 518 (1990), stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Id. 141. However, that court did note that "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Id., 141 n. 7.
 This court agrees with the reasoning of Judge Wagner in Toscano, supra, and holds that Connecticut does not allow a loss of consortium claim by a child based on injuries to a parent.
Gridley v. Sunshine Oil, Inc., 10 Conn. L. Rptr. 20, 21 (August 24, 1993, McDonald, J.). The plaintiffs have not cited any appellate court case that has addressed the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies. Accordingly, the court grants the defendant's motion to strike the third count of the plaintiffs' fourth revised complaint.
/s/ McDonald McDONALD, J.